**Balwinder KAUR, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–75323.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 23, 2007.

TSZ–Hai Huang Fax, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, Robbin K. Blaya, Esq., San Francisco, CA, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Sarah L. Weyler, Esq., U.S. Department of Justice Narcotic and Dangerous Drug Section, Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

MEMORANDUM **

Balwinder Kaur, a native and citizen of India, petitions for review of the Board of

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Immigration Appeals' decision summarily affirming an Immigration Judge's ("IJ") denial of her application for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review adverse credibility determinations for substantial evidence, *Malhi v. INS,* 336 F.3d 989, 992–93 (9th Cir.2003), and review de novo claims of due process violations, *Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001). We deny the petition.

Substantial evidence supports the IJ's denial of asylum based on an adverse credibility finding. Kaur's testimony was inconsistent with her asylum application regarding matters that go to the heart of her claim, including whether her husband was abducted by police, and whether documents he was delivering to Chandigarh contained evidence of police atrocities against the Sikhs. *See Li v. Ashcroft,* 378 F.3d 959, 962–63 (9th Cir.2004). Additionally, although Kaur testified that the Indian police continue to search for her, she omitted the information in her asylum application. *See id.*

Because Kaur failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Because Kaur's claim under the CAT is based on the same testimony that the IJ found not credible, and she points to no other evidence that she could claim the IJ should have considered in making the CAT determination, her CAT claim also fails. *See id.* at 1157.

Kaur's argument that her right to due process was violated fails, because the proceedings were not "so fundamentally unfair that [s]he was prevented from reasonably presenting h[er] case." *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (citation omitted).

**PETITION FOR REVIEW DENIED.**